COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


DORIS PATRICIA COTE
                                     MEMORANDUM OPINION*
v.    Record No. 1390-99-3              PER CURIAM
                                      OCTOBER 26, 1999
WESTERN STATE HOSPITAL AND
 COMMONWEALTH OF VIRGINIA


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Linda D. Slough; Chandler, Franklin &
               O'Bryan, on briefs), for appellant.

               (Mark L. Earley, Attorney General; Judith
               Williams Jagdmann, Deputy Attorney General;
               Gregory E. Lucyk, Senior Assistant Attorney
               General; Donald G. Powers, Assistant Attorney
               General, on brief), for appellees.


      Doris Patricia Cote (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that she

failed to prove that her psoas abscess was causally related to

her compensable April 3, 1998 injury by accident.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  See Rule 5A:27.

      On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

      * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering. Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

On April 3, 1998, claimant was injured while working for Western State Hospital (employer), when she stubbed her toe on a portion of uneven sidewalk while walking from one duty area to another.  Claimant fell, attempted to break her fall with her right hand, and hit her chin on the sidewalk.  She suffered abrasions to her right hand and chin.  Subsequent medical treatment revealed that claimant was suffering from an abscess in the psoas muscle.

On May 14, 1998, claimant's treating physician, Dr. Bruce Schirmer, initially opined that Cote "had no obvious origin for this abcess . . . ."  In July, 1998, in response to questions from the Virginia Department of Risk Management, Dr. Schirmer opined that the right psoas abscess was not causally related to the April 3, 1998 work-related injury.

In a chart note of April 24, 1998, an unnamed consultant on infectious diseases suggested as follows:  "Staph aureus most likely developed [as a result of] seeding from a transient bacteremia [at] hand scrape upon fall 4/3," resulting in a psoas abscess.

On July 30, 1998, in response to a letter from claimant's attorney, Dr. Schirmer stated that the infectious disease consultant had opined that claimant's staph infection was likely derived from the abrasions she sustained in the April 3, 1998 fall. Dr. Schirmer further stated that he did not have "any other explanation for why [claimant] developed a staph abscess in her psoas." Dr. Schirmer concluded that "attributing the staph abscess to a bacteremia from such a scrape would be certainly possible. I would support that hypothesis given no other information."

Dr. Sara Monroe, an Associate Professor in the Division of Infectious Diseases at Virginia Commonwealth University, reviewed claimant's entire medical file at the request of employer. Dr. Monroe opined to a reasonable degree of medical certainty that claimant's right psoas abscess was not causally related to the April 3, 1998 work-related fall. Dr. Monroe noted that claimant began complaining of back pain as early as the day after the fall and that she sought medical treatment within nine days of the fall. Dr. Monroe opined that "[a]n abscess of the size described on CT scan . . . would take considerably longer than 9 days to develop." Dr. Monroe noted that "[p]soas abscesses generally occur by spread of infection from adjacent structures and rarely occur by bacteremic spread." Dr. Monroe pointed out that the April 15, 1998 CT scan suggested

- 3 -

that claimant suffered from "severe osteoarthritis of the lumbar spine, a chronic condition which may result in a predisposition to vertebral osteomyelitis or facet joint infection. The MRI performed at UVA on 4/21 showed L4-5 facet joint degeneration with an adjacent fluid collection possibly representing a septic arthritis in this area." Dr. Monroe concluded that claimant's

> psoas abscess occurred as a result of spread from a septic arthritis involving the L4-5 facet joint in the setting of severe degenerative arthritis involving the lumbar spine. This infection was probably developing for a considerable time (4-6 weeks) before it became large enough to cause severe symptoms. [Claimant's] fall on 4/3 was coincidental and the minor abrasions she suffered were not causally related to her psoas infection.

In denying claimant's application, the commission found as follows:

> We find that the claimant has, at most, presented evidence that suggests two or more equally likely causes of the claimant's psoas abscess. Since we found the opinion of the claimant's treating physician entitled to less deference for lack of an independent, objective basis for his diagnosis, we accord the conflicting, expert testimony of the employer's independent medical examiner at least as much weight as that of the treating physician. None of the other physicians involved offered an opinion that any particular cause "more likely than not" caused the claimant's psoas abscess. In view of the conflicting medical evidence and the record as a whole, we find that the claimant has failed to meet her burden of proving that the treatment and disability resulting from her psoas abscess was

- 4 -

causally related to the compensable injury on April 3, 1998.

"Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). The commission articulated legitimate reasons for giving little probative weight to Dr. Schirmer's July 30, 1998 letter, in which he adopted the opinion of the unnamed infectious disease consultant. In light of these reasons and Dr. Monroe's opinions, the commission was entitled to conclude the conflicts in the medical evidence rendered it insufficient to prove that claimant's psoas abscess was causally related to her compensable April 3, 1998 work-related fall. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).

Because the medical evidence was subject to the commission's factual determination, we cannot find as a matter of law that the evidence sustained claimant's burden of proof. Accordingly, we affirm the commission's decision.

Affirmed.